UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID MARK BARTELS,

    Defendant.

_____/

No. 1:24-cr-118

Hon. ROBERT J. JONKER
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between David Mark Bartels and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **Defendant Agrees to Plead Guilty**. Defendant agrees to plead guilty to the Indictment. The Indictment charges Defendant with Possession of Child Pornography by a Person Employed by the Armed Forces Outside of the United States in violation of Title 18, United States Code, Sections 2252A(a)(5)(A) and 3261.

2. **Defendant Understands the Crime**. In order for Defendant to be guilty of violating Title 18, United States Code, Sections 2252A(a)(5)(A) and 3261, the following must be true:

  a. Defendant was employed by the Armed Forces outside the United States as defined by 18 U.S.C. § 3267(1), that is, between May 2019 and January 2023, he was a civilian employee of Maytag Fuels located onboard Naval Station Guantanamo Bay, Cuba, was present and

residing outside the United States in connection with such employment, and was not a national of, nor ordinarily resident in, Cuba.

b. Defendant engaged in conduct outside the United States that would have constituted an offense punishable by imprisonment for more than one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

c. Defendant knowingly possessed material that contained an image of child pornography, including an image of a pre-pubescent minor.

d. Defendant knew that the material contained child pornography.

3. Defendant is pleading guilty because Defendant is guilty of the charge described above.

4. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(A) and 3261, is the following: 20 years of imprisonment; a lifetime period of supervised release; a fine of $250,000, and a mandatory special assessment of $5,100.

5. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

    a. <u>Assessment</u>. Defendant agrees to pay the special assessments on the day of sentencing.

    b. <u>Restitution</u>. Defendant understands that the Court will order restitution as authorized by law for the count of conviction. Pursuant to 18 U.S.C. §

3663(a)(3), Defendant agrees that the restitution order is not restricted to the victims or conduct alleged in the count to which Defendant is pleading guilty and includes all losses and victims of Defendant's sexual exploitation of minors, including all victims of uncharged relevant conduct. Defendant agrees that the Court shall use 18 U.S.C. § 2259 when calculating restitution for victims of dismissed counts or uncharged conduct. The amount of restitution is currently unknown and will be determined by the Court at sentencing.

    c.    <u>Financial Cooperation</u>. Defendant also:

    i. agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

    ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

    iii. agrees that prior to sentencing and until criminal monetary penalties are paid in full, he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

6.      <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.      <u>Asset Forfeiture and Financial Accountability</u>. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. Specifically, Defendant agrees to forfeit to the United States his Western Digital 5TB External Hard Drive – serial number WXQ2E60AE7UU, MSI Laptop – serial number S3Z8NB0KB39844N, Dell Laptop – serial number 86FRTL1BT, and Samsung Galaxy Z Fold 3 Extraction – IMEI 356664830650753, which constitutes any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260 or was a device used to facilitate child pornography crimes as charged in the Indictment. Defendant admits that the above devices are subject to forfeiture pursuant to Title 18, United States Code, Section

2253. Defendant consents to the entry of a preliminary order of forfeiture concerning the above devices at or before the time of sentencing.

8.  Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

The United States and Defendant agree that at trial, the United States would have proven beyond a reasonable doubt and with admissible and credible evidence that between on or about November 7, 2019, and January 5, 2023, while employed by a military contractor on Guantanamo Bay, Defendant knowingly possessed at least one matter that contained an image of child pornography, as defined in 18 U.S.C. § 2256(8), including an image of a pre-pubescent minor.

The United States and Defendant further agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

   a. Defendant was employed by the Armed Forces outside the United States as defined by 18 U.S.C. § 3267(1), that is, between May 2019 and January 2023, he was a civilian employee of Maytag Fuels located onboard Naval Station Guantanamo Bay, Cuba, was present and residing outside the United States in connection with such employment, and was not a national of, nor ordinarily resident in, Cuba.

   b. Defendant engaged in conduct outside the United States that would have constituted an offense punishable by imprisonment for more than

one year if the conduct had been engaged in within the special maritime and territorial jurisdiction of the United States.

c. Forensic review of eighteen electronic devices seized from Defendant revealed hundreds of child pornography images and videos stored on a 5TB External Hard Drive. Additionally, forensic evidence on Defendant's MSI Laptop indicated that several of the images and videos were viewed by the user. Some of the files located on Defendant's MSI Laptop are:

   i. A 12 minute 57 second video of a nude pre-pubescent female straddling an adult male. She performs oral sex on the male and then the camera does a close-up of her vagina and anus.

   ii. A 50 second video of a clothed 3-to-4-year-old toddler performing oral sex on an adult male.

   iii. A photo of two nude pre-pubescent females lying opposite on a brown couch with their legs spread and up in the air. Their vaginas are near each other and exposed to the camera.

Included within the material were images of minors that had not yet attained the age of twelve. During an interview conducted on the same day as the search of Defendant's residence, Defendant admitted that he knowingly downloaded child pornography.

9.    Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance

of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10.  Prison Placement. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

11.  The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of

the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12.     <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.     The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.     The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.     The right to confront and cross-examine witnesses against Defendant.

    d.     The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.     The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f.      By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

13.     FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14.     The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

15.     This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This

agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16.     <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

17.     <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

18.     <u>Sex Offender Registration</u>. Defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not

limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

|  |  |
|---|---|
|  | MARK A. TOTTEN<br>United States Attorney |
| January 14, 2025 | /s/ Doaa K. Al-Howaishy |
| Date | DOAA K. AL-HOWAISHY<br>Assistant United States Attorney<br>MCKENZIE HIGHTOWER<br>Trial Attorney |

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_13 JAN 25_
Date

_/s/ David Mark Bartels_
DAVID MARK BARTELS
Defendant

I am David Mark Bartels's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_13 / Jan. 2025_
Date

_/s/ Ryan Maesen_
RYAN ANTHONY MAESEN
Attorney for Defendant